

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

~~PROVIDENCE~~

ATTORNEY GENERAL.

AUSTIN 11, TEXAS

Honorable Orville S. Carpenter
Texas Unemployment Compensation Commission
Brown Bldg.
Austin, Texas

Dear Sir:

Opinion No. O-2247
Re: May the Commission remove
to itself the determination on
a claim for benefits or review
a determination already made
before an appeal from such de-
termination has been filed
with an appeal tribunal and re-
lated questions.

Your request for an opinion on certain related ques-
tions involving appeal procedure before the Texas Unemploy Com-
pensation Commission has been received. Your questions will be
quoted and discussed in the order of their appearance in the
request.

"Question No. 1. May the Commission remove to itself
the determination on a claim for benefits or review a
determination already made before an appeal from such
determination has been filed with an appeal tribunal?
If your answer to this question is 'Yes,' then is the
concurrence of the impartial member necessary to such
removal?

The Legislature has endeavored to outline particularly
the procedure to be followed in the handling of benefit claims
before the Commission. We quote the pertinent Sections of Arti-
cle 5221-b, Vernon's Revised Civil Statutes:

"Sec. 4. (a) Filing: Claims for benefits shall be
made in accordance with such regulations as the Com-
mission may prescribe. . . .

"Sec. 4 (b). Initial Determination: A representa-
tive designated by the Commission, and hereinafter re-
ferred to as a deputy, shall promptly examine the claim
and, on the basis of the facts found by him, shall
either determine whether or not such claim is valid,
and if valid, the date on which benefits shall commence,
the benefit amount payable and the maximum duration
thereof, or shall refer such claim or any question in-
volved therein to an appeal tribunal or to the Commis-
sion, which shall make its determinations with respect
thereto in accordance with the procedure described in
subsection (c) of this section, except that in any case
in which the payment or denial of benefits will be de-

termined by the provisions of section 5 (d) of this Act, the deputy shall promptly transmit his full finding of fact with respect to that subsection to the Commission, which, on the basis of the evidence submitted and such additional evidence as it may require, shall affirm, modify, or set aside such findings of fact and transmit to the deputy a decision upon the issues involved under the subsection. The deputy shall promptly notify the claimant and any other interested party of the decision and the reasons therefor. Unless the claimant or any such interested party, within ten (10) calendar days after the delivery of such notification, or within twelve (12) calendar days after such notification was mailed to his last known address, files an appeal from such decision, such decision shall be final and benefits shall be paid or denied in accordance therewith. If an appeal is duly filed, benefits with respect to the period prior to the final determination of the Commission, shall be paid only after such determination; provided, that if an appeal tribunal affirms a decision of a deputy, or the Commission affirms a decision of an appeal tribunal, allowing benefits, such benefits shall be paid regardless of any appeal which may thereafter be taken but it such decision is finally reversed, no employer's account shall be charged with benefits so paid.

"Sec. 4 (c). Appeals: Unless such appeal is withdrawn, an appeal tribunal, after affording the parties reasonable opportunity for fair hearing, shall affirm or modify the findings of fact and decision of the deputy. The parties shall be duly notified of such tribunal's decision, together with its reasons therefor, which shall be deemed to be final decision of the Commission, unless within ten (10) days after the date of notification or mailing of such decision, further appeal is initiated pursuant to subsection (a) of this section."

"Sec. 4.(e) The Commission may on its own motion affirm, modify, or set aside any decision of an appeal tribunal on the basis of the evidence previously submitted in such case, or direct the taking of additional evidence, or may permit any of the parties to such decision to unitiate further appeals before it . . . . The Commission may remove to itself or transfer to another appeal tribunal the proceedings on any claim pending before an appeal tribunal. . ."

Thus a careful examination of relevant sections of Article 5221-b discloses a power within the Commission, found in Section 4 (e) to affirm, modify or set aside any decision of an appeal tribunal on its own motion. This same section of our law further empowers the Commission to remove to itself or to another appeal tribunal any claim pending before an appeal tribunal.

Reference to the course of a claim from its filing to its final determination, shows the first determination to be vested by Article 5221-b, Section 4 (b), in a representative or deputy designated by the Commission; subsequent to determination by the deputy the procedure is outlined for an appeal to an appeal tribunal and from that body to the Commission.

A provision is made in Article 5221-b, Section 4(e), for removal by the Commission on its motion of a claim before an appeal tribunal, but no auhorization appears in the statute for the Commission, on its own motion, to remove a claim for review prior to an appeal to the appeal tribunal.

It obviously was intended that the applicant for benefits take the initiative in securing benefits and that the Commission would not of its own volition award payments indiscriminately from a fund designed to help the needy unemployed.

We have considered the detailed manner adopted by the Legislature in outlining the procedure of a claim, the authority and the duty of the Commission and its deputies with reference to claims. This appears to be an apt situation for the application of the legal maxim "expressio unius est exclusio alterius". Where the statute enumerates the powers and duties of officials it is to be construed as excluding all those not expressly mentioned. This rule was long ago laid down in Texas in the opinion of Judge Wheeler in Bryan vs. Sundberg, 5 Tex. Rep. 418. Your first question is answered in the negative.

"Question No. 2. May a case pending before an appeal tribunal be removed to the Commission by an action of the Commission taken in the absence of the impartial number; or without the concurrence of the impartial member in such action?"

Article 5221-b, Section 8 (e), reads as follows:

"(e) Quorum: Any two (2) Commissioners shall constitute a quorum, provided, however, that whenever the Commission hears any case involving a disputed claim for benefits under the provisions of Section 6 of this Act, the impartial member of the Commission shall act alone in the absence or disqualification of any other member, and in no case shall such a hearing proceed unless the impartial member of the Commission is present. Except as hereinbefore provided, no vacancy shall impair the right of the remaining Commissioners to exercise all of the powers of the Commission."

Our answer to this question is further complicated by oral information, not in the letter of request, that a removal to the Commission is in fact a review of the claim. This situation existing as it does places the procedure strictly within the prohibition found in Section 8 (e) quoted above. We advert particularly to that portion of Section 8 (e) which reads ". . . and in no case shall a hearing proceed unless the impartial member of the Commission is present." . . . The presence and concurrence of the impartial member is therefore mandatory if the removal from an appeal tribunal is tantamount to a review of the claim.

"Question No. 3. May the Commission act upon an application for leave to appeal to the Commission in the absence of the impartial member?"

The provisions of Article 5221-b, Section 8 (e), Vernon's Revised Civil Statutes, demand the presence of the impartial member before a hearing may proceed. We have said in

our answer to your second question, that under the facts as we have them, the removal of an appeal means that the members have studied the record and the removal is a review, thus our answer to your third question is no. The basis for our answer is the same as that in question two.

"Question No. 4. In an action by the Commission upon an application for leave to appeal to the Commission, is the concurrence of the impartial member necessary to a decision?"

The term "concurrence" is defined by Webster as: "Act of concurring"; "a meeting or coming together"; "union"; "conjunction".

There is also the interpretation of concurrence to be "in agreement" as found in Words and Phrases, First Series pg. 1390, and Words and Phrases, Second Series, pg. 856.

We are wont to believe that the use implied in your question is the "acting together". This inference results from failure to find any requirement or indication that the law contemplates that all three members must agree on an appeal. Such a conclusion would not be in harmony with the idea of a three-man board.

Adopting the view that concurrence embraces the acting or presence in the meeting of the impartial member, we believe our statutes specifically require the presence of the impartial member on any action, but does not require the affirmative vote of such member.

"Question No. 5. Where the Commission has granted leave to appeal from a determination upon a claim for benefits and where such appeal is before the Commission on the record and no formal hearing has been held, is the concurrence of the impartial member necessary to a decision on such appeal?"

This answer also embraces previous discussion in this opinion. We find nothing in the Texas statutes on unemployment compensation insurance that suggests that the impartial member must approve a benefit claim or appeal before it can be paid. It appears to us that the requirements of the law and particularly Article 5221-b, Section 8 (e), are satisfied if the impartial member is present at the hearing or consideration of the claim. The presence or concurrence of the impartial member is all that is required, but the statute is clear and unambiguous in its requirement that such member be present before the hearing may proceed. The statutes apparently do not intend that a decision be made in the absence of the impartial member.

Yours very truly

MH:N:jrb

ATTORNEY GENERAL OF TEXAS

APPROVED JUNE 19, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

By /s/ Morris Hodges
Morris Hodges
Assistant

APPROVED OPINION COMMITTEE
BY BWB, Chairman